IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-00995-JLK**

**KELLY WILLERDING,**
        Plaintiff,

v.

**RICHARD E. STEGER** and **HTC EXPRESS, INC.,**
        Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT, DOC. 28

---

Kane, J.

Before me is Plaintiff Kelly Willerding's Motion for Partial Summary Judgment

for Defendant's Affirmative Defense of Sudden Emergency, Doc. 28.  To begin, I note

that the designation of Ms. Willerding's Motion for Partial Summary Judgment is now

misleading.  The title of the motion and its attendant filings implicate by caption the

doctrine of "sudden emergency," which, as both parties acknowledge, the Tenth Circuit

recently abolished in *Bedor v. Johnson*, 292 P.3d 924, 925 (Colo. 2013).

Nevertheless, Ms. Willerding contends the doctrine's abolition does nothing to

change the essence of the ruling its Motion asks me to make, namely, whether

Defendants prevail on the issue that the brake loss at issue in this action was the

Defendants' legal responsibility and of the Defendants' making.  Accordingly, Ms.

Willerding implores my continued consideration of the matter without the trappings of

the "doctrine of sudden emergency" label. Ms.Willerding urges me per Fed. R. Civ. P.

56(f)(2) to find that Defendants did not exercise reasonable care in the maintenance or

operation of the truck and that they are responsible for the loss of its brakes.  Regardless

of how the substantive issues are categorized, there are genuine disputes of material fact

such that I DENY Ms. Willerding's Motion.

## FACT SNYOPSIS

While traveling westbound on I-70 in wintertime, professional truck driver

Defendant Steger lost control of his commercial tractor-trailer owned by Defendant HTC

Express, Inc. and struck the vehicle in which Ms. Willerding was riding as a passenger.

The collision caused Ms. Willerding's vehicle to spin out of control and crash, allegedly

injuring her.  Defendants allege Mr. Steger lost control because his truck's brakes failed.

Defendants generally agree that brake failure caused the accident, but the parties dispute

the cause of the brake failure, with Ms. Willerding arguing, among other theories, that

Mr. Steger failed to properly maintain and adjust his brakes and/or that he lost his brakes

due to improper speeding and Defendants arguing that the brakes failed due to some

event outside of either Defendant's making.

## LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine issue as to any

material fact and ... the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c), *applied in Hagelin for President Committee v. Graves,* 25 F.3d 956,

959 (10th Cir.1994). In applying this standard, I must construe the factual record and

draw reasonable inferences therefrom in the light most favorable to the party opposing

summary judgment. *Blue Circle Cement, Inc. v. Board of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir.1994).

The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to judgment. *Baker v. Board of Regents*, 991 F.2d 628, 630 (10th Cir.1993). Once the moving party shows it is entitled to summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir.1993), *cert. denied*, 510 U.S. 1120, GET CITE (1994). The nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing a genuine issue for trial, relying on the types of evidentiary materials contemplated by Rule 56. *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 503 (10th Cir.1994) (applying *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The relevant inquiry is whether the evidence presents a "sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

## DISCUSION

Plaintiff's Reply, Section II, reveals that certain so-called "Undisputed Facts," are, in fact, actively and genuinely disputed by the parties.  The parties contest issues fundamental to determining liability in this action, such as whether Mr. Steger checked his brakes before the incident or was going the speed limit when the collision occurred. Critically precluding an entry in either party's favor on summary judgment is that each

party offers a different theory of causation as to why Mr. Steger's brakes were

inoperable. These inquiries are fact-driven and unamenable to summary judgment

resolution. The parties' drastically different views as to why the truck's brakes

malfunctioned are likely best resolved by way of expert testimony about truck mechanics.

## CONCLUSION

Because this case presents genuine disputes of material fact, Ms. Willerding

is not entitled to judgment as a matter of law.  Accordingly, I DENY Plaintiff's Motion

for Partial Summary Judgment on Defendants' Affirmative Defense of Sudden

Emergency, Doc. 28.


DATED:      March 27, 2013                      BY THE COURT:
                                                */s/John L. Kane*
                                                U.S. Senior District Judge