IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-00995-JLK**

**KELLY WILLERDING,**
     Plaintiff,

v.

**RICHARD E. STEGER** and **HTC EXPRESS, INC.,**
     Defendants.

## ORDER ON MOTIONS IN LIMINE

**Kane, J.**

### I.     Background

Plaintiff Kelly Willerding was driving westbound on I-70 in a 2004 Toyota Camry on the

morning of December 7, 2008.  Defendant Richard Steger, driving westbound on I-70 in a

semi-truck trailer ("truck"), struck Ms. Willerding's vehicle and caused it to lose control and

crash, allegedly leading to various injuries sustained by Ms. Willerding. Mr. Steger is a

professional truck driver employed by Defendant HTC Express, Inc.  Ms. Willerding filed

suit against both driver and employer in Colorado district court in Summit County and

Defendants removed to federal court.  At issue are Ms. Willerding's Motion *In Limine,* ECF

DOC 52 (Dec. 4, 2013); Defendant's Motion *In Limine*, ECF DOC 54 (Dec. 6, 2013); and

Defendants' First Revised Objections and Deposition Designations (considered as a motion

per Chambers instruction), ECF DOC 55 (Dec. 6, 2013); which variously request the court

to take judicial notice of certain applicable state and federal highway safety statutes, discloses

the parties' deposition designations, and expresses Ms. Willerding's intent to cross-examine Defendants and Defendants' witnesses (including experts) about their awareness of the statutes sought to be judicially noticed and their understanding of the conduct necessary for compliance with those statutes.

Defendants' motions object to several of Ms. Willerding's designations on the ground that they impermissibly concern the meaning and applicability of the safety statutes and accordingly "invade the province of the court" to define the law for the jury and then designate their own deposition testimony.  Ms. Willerding in turn has objected to several excerpts of Defendants' designations and those objections are addressed following those of Defendants'.

## II.    FRE 702

Federal Rule of Evidence 702 states in part that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if…
>
> the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Fed. R. Evid. 702.  Under Rule 702, the expert's ability to offer an opinion is proper only so long as "the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988).  More recently, the Tenth Circuit held that "[e]xpert witnesses may not testify as to ultimate issues of law governing the jury's deliberations, because instructing the jury is the function of the trial judge." *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582

F.3d 1131, 1150 (10th Cir. 2009) (citing *Sprecht*).   However, the court recognized that "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Sprecht* at 809.

### III.   Discussion

Defendants' objections to Ms. Willerding designated testimony regarding the various highway safety statutes and regulations and Ms. Willerding's plan to reference them in cross-examination rests principally on these two Tenth Circuit cases.   Under this case law, they object to any discussion of the "meaning and application of various laws and regulations" as violations of Rule 704.   They correctly state the restriction imposed by *Sprecht* and later *U.S. Aviation*, but do not show it relevant to the opposed content.   Both of these cases involved experts called to testify as to whether the law applied to the set of facts at issue and then to render an ultimate opinion as to whether the litigated conduct was legal.   The Tenth Circuit has categorized state of mind inquiries or explanations "couched in legal terms" as outside the "narrow" line drawn restricting an expert's ability to opine on the law.   *Sprecht* at 809 (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375) (attorney expert in securities law allowed to testify that a statement in a prospectus was standard language for the issuance of a new security because this information helped the jury weigh the evidence of defendants' scienter).   Defendants would render the "meaning and application" restriction so broadly that it would exceed the narrow rule in *Sprecht* that barred testimony *by experts* which defined

the scope of the law and thus restrict more testimony than is called for by the Tenth Circuit's earlier holding.

### A.   Deposition of Richard Steger – Defendant's Objections

Defendants object to lines 8:21 – 12:6, 27:9 – 29:15, 30:4 – 30:17, 68:4 – 68:17, 81:2 – 81:12, 83:10 – 83:19 of Mr. Steger's deposition testimony. Defs.' Objections Pl.'s Designations 2-3, ECF DOC 55 (Dec. 6, 2013) (referencing Ex. 1, Pl.'s Br. Supp. Pl.'s Mot. Summ. J., ECF DOC 29 (Jan. 17, 2013)).   Here, Ms. Willerding's counsel questions Mr. Steger about the laws as he knew them, what they required, and what he needed to do personally to stay in compliance with them.   Rather than asking about the scope and applicability of various laws generally as contemplated in *Sprecht*, Ms. Willerding's counsel asks Mr. Steger if he knew the laws and regulations that governed his conduct and if he knew what he must do to stay in compliance with the law.    On the whole, the line of questioning is a factual inquiry into Mr. Steger's own knowledge and understanding at the time of the incident, and does not invade the province of the judge to define the law for the jury. Therefore, Defendants' objection to the designations are overruled (8:21 – 12:6, 27:9 – 29:15, 30:4 – 30:17, 68:4 – 68:17, 81:2 – 81:12, 83:10 – 83:19).   Of course, should counsel stray into the territory of *Sprecht* and its progeny during any live questioning of Ms. Steger and Defendants' objections are renewed, such objections will be sustained.

### B.  Deposition of Dr. Kaylee Boutwell – Defendant's Objections

Because Ms. Willerding disclosed Dr. Kaylee Boutwell as only a treating physician witness and not also as an expert witness, Defendants object to lines 37:4 – 37:12 and 37:13 – 38:5 of her deposition testimony. Defs.' Objections Pl.'s Designations 5, ECF DOC 55

(Dec. 6, 2013).   At 37:4 – 37:12, Defendants object to Dr. Boutwell answering a question about whether she frequently saw patients months or even years after an accident.   At 37:13 – 38:5, Ms. Willerding's counsel asks Dr. Boutwell whether the injuries she observed on Ms. Willerding were likely consistent with a car accident.   The latter question is a quintessential causation opinion reserved solely for expert testimony and the former is answerable without Dr. Boutwell ever having treated Ms. Willerding.

As such, both of these designations demonstrate that Dr. Boutwell will be giving expert testimony in addition to her fact testimony as treating physician and should have been disclosed as an expert under Rule 26.   *See Blodgett v. United States*, No. 2:06-CV-00565DAK, 2008 WL 1944011 (D. Utah May 1, 2008). Therefore, Ms. Willerding has violated the disclosure requirements under Rule 26(a).   Fed. R. Civ. P. 26.   However, if the error was harmless or justified, the court may still allow the admission of the evidence.   In assessing whether the error was harmless or justified, the court considers the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal citation omitted).

Assessing the first and second factors, the prejudicial effect and curative requirements are minimal because the disclosure of the deposition is more than four months before trial and therefore Defendants have reasonable opportunity to "prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses" *Id.*   Similarly, Defendants have ample time to contest Dr. Boutwell's qualifications to testify as an expert

witness under *Daubert*.  Regarding the third factor, the allowance of the testimony would not disrupt the trial because there is not yet any set witness list or other restrictions on the presentation of evidence.  The Final Pre-Trial preparation conference has not occurred; jury instructions have not been finalized.  Finally, there does not appear to be any bad faith or willfulness.  Ms. Willerding's counsel seems either to be in the dark about, or to have overlooked, Dr. Boutwell's apparent role as hybrid witnesses (that is, a witness who is *both* a fact witness and a witness who is offering expert testimony, even if not specially retained) and was operating on the erroneous assumption that a treating physician never has to be disclosed as an expert.  Treating physicians do need to be disclosed as experts when the expert's opinion is based on information provided by others and not his or her function as a percipient witness to the events at issue. *See In re Application of Rep. of Ecuador*, 280 F.R.D. 506, 511 (N.D. Cal. 2012); *see Blodgett v. United States,* 2008 WL 1944011 (D. Utah 2008) (holding that untimely failure to disclose doctor as an expert witness precluded introduction of the doctor's testimony as to causation).  While counsel's mistakes of law are not always excusable, I find under the facts of this case, particularly the time remaining until trial, that the failure to disclose Dr. Boutwell does not preclude the contested testimony.[1] The objections to the testimony are overruled.

### C.  Deposition of Charles Cook – Plaintiff's Objections

[No evidence submitted of Mr. Cook's testimony]

### D.  Deposition of James Bordwine – Plaintiff's Objections

---

[1] That is to say that at least the non-disclosure does not by virtue of that alone preclude Dr. Boutwell's testimony on the facts presented. If counsel elects to challenge Dr. Boutwell's expert credentials and is successful in that challenge, then the testimony will be impermissible on that basis.

Ms. Willerding first objects to Defendants' designation 13:10 – 13:13 on the ground that Mr. Bordwine was not answering the question posed ("when do you remember him first having a problem?") and instead was recounting the advice he gave him upon learning that he had a problem Pl.'s Resp. Defs.' Designations 5-6, ECF DOC 57 (Dec. 17, 2013) (referencing Ex. 3, Pl.'s Br. Supp. Pl.'s Mot. Summ. J., ECF DOC 29 (Jan. 17, 2013)). This does not answer counsel's question, and on its own seems to be minimally material evidence. [Pages 17-20, including 2nd objected designation, omitted from exhibit]. I sustain the objection. Next, Ms. Willerding objects to Defendants' designation of 21:20 – 23:6, 28:23 – 29:12, and 30:15 – 31:5 as all lacking foundation for opinion testimony. Pl.'s Resp 6. In the first of the trio, 21:20 – 23:6, Ms. Willerding's counsel asks Mr. Bordwine what he thought caused the crash when he first arrived at the scene. Therefore, regardless of whatever qualifications Mr. Bordwine has to diagnose a mechanical failure of an air brake system, a question which asks him what he thought at the time is a fact question. Similarly, in 28:23 – 29:12, rather than asking Mr. Bordwine to give an opinion on the malfunction, Ms. Willerding's counsel again asks him about an opinion he had at the time and which he expressed to his employer, defendant HTC. However, at 30:15 – 31:5, Mr. Bordwine, now being questioned by Defendants' counsel, does give an answer which requires a foundation for opinion. Asking Mr. Bordwine to opine on whether a sound is typically normal is not a fact question, not with the cursory foundation that counsel attempted to inject into the preface before the question.

Therefore, Ms. Willerding's objections is sustained as to 13:10 – 13:13 and 30:15 –

31:5, and overruled as to 21:20 – 23:6 and 28:23 – 29:12.

### IV.    Conclusion

The motion for judicial notice is granted. Defendants' objections to Ms. Willerding's plan

to question Mr. Steger on his knowledge of the laws he was bound to obey in the course of

his duties are overruled.   To the extent that Ms. Willerding will question Defendants'

expert(s) on the scope or meaning of the law and whether Mr. Steger violated it on the

morning of the incident, however, the line of questioning is barred under the analysis in

*Sprecht* and *U.S. Aviation.*   Defendants' objections to Dr. Boutwell's designated testimony are

overruled in light of the ample time before trial to avoid prejudicial surprise and disruption,

and Ms. Willerding's objections to Mr. Bordwine's designated testimony are in part and

overruled in part.

DATED:      September 30, 2014          BY THE COURT:

                                                  **s/John L. Kane**
                                                  John L. Kane, U.S. Senior District Judge